IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| MERLE PRICE | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) LAW No. LACV 07067 |
| | ) |
| BWC EXCAVATING L.C. | ) |
| | ) |
| Defendant. | ) |

## PETITION AT LAW AND JURY DEMAND

**COMES NOW**, the Plaintiff Merle Price, and for his cause of action against the Defendant BWC Excavating L.C. states:

### PARTIES, JURISDICTION, AND VENUE

1. That Plaintiff Merle Price is, and at all material times hereto, was a resident of Linn County, Iowa.

2. That Defendant BWC Excavating L.C. [Hereinafter "BWC"] is an Iowa business entity, whose registered agent is William Whitters at 1303 Hickory Hollow Road, Solon, IA, 52333.

3. Venue in Johnson County is appropriate because the alleged illegal employment practices occurred in this county.

4. Damages exceed the statutory limits for small claims court.

5. Plaintiff has exhausted all administrative remedies. A right to sue letter has been issued by the EEOC and the Iowa Civil Rights Commission, and this action has been brought within the ninety (90) day time limit set forth in said Notices.


EXHIBIT A

## FACTUAL ALLEGATIONS

6. In 1975, Plaintiff Merle Price had his right eye removed and he has had a glass eye since then. As depth perception requires two eyes working together, by definition, a person with one eye has impaired depth perception.

7. Plaintiff has had a Class A CDL license since 1991. For most of the years between 1991 and the present, he has held positions in which he used his CDL License either as a semi driver or dump truck driver.

8. Plaintiff Merle Price has a good driving record.

9. Plaintiff began working for BWC in May 2008. At the time her was hired, BWC was familiar with Plaintiff's driving record and knew that Plaintiff had only one eye.

10. The majority of Plaintiff Merle Price's time with Defendant BWC was spent either driving a dump truck or a semi.

11. In mid August 2009, the mirror on the dump truck Plaintiff Merle Price was driving clipped a plastic cover on a card reader at ADM. Although the plastic cover broke, the card reader was fine. Plaintiff immediately talked with ADM and his foreman about the incident, and was told that it was ok. Plaintiff then went to the landfill to dump a load.

12. When Plaintiff Merle Price returned, he was told that he would not drive the rest of the day. The next day, Plaintiff drove a pickup truck, but was not allowed to use a dump truck or semi.

13. The following workday Plaintiff Merle Price was told that he would not be allowed to drive at all. At a meeting with his supervisor and Defendant BWC's safety director, Plaintiff Merle Price was told that "all of the problems" that Plaintiff had had were related to his

2

glass eye, and that one of these days Plaintiff was going to kill a family of five and the company would be liable.

14. Plaintiff had not had employment related problems because of his glass eye.

15. Because of their unfounded concerns regarding Plaintiff's glass eye, Defendant BWC was not going to let Plaintiff drive anymore.

16. Initially Defendant BWC informed Plaintiff Merle Price that he was reassigned to using a weed-wacker eight hours a day forty hours a week. Plaintiff did that for parts of a couple days when it was not raining.

17. Plaintiff Merle Price informed Defendant BWC that he was not going to quit.

18. Ultimately Defendant BWC laid off Plaintiff Merle Price citing a work slowdown.

19. Not only was Plaintiff replaced with another driver, it is Plaintiff's understanding that other drivers were hired at that time as well.

## COUNT I
## DISABILITY DISCRIMINATION

20. Due to Plaintiff Merle Price only having one eye, Plaintiff was disabled, had a record of being disabled, and/or was regarded as being disabled within the meaning of the American's with Disabilities Act and the Iowa Civil Rights Act in that Plaintiff was substantially limited, or regarded as being substantially limited in engaging in one or more major life activities, included but not limited to seeing.

21. At all times up until his termination, Plaintiff was a full time employee of Defendant BWC, was qualified for his employment position, and performed his employment duties such that he met or exceeded the requirements for his position and his employer's reasonable expectations.

22. Plaintiff's disability was a deciding factor in Defendant BWC's actions as described above, specifically including but not limited to Defendant BWC's decision to demote Plaintiff, to give him an undesirable assignment and ultimately to terminate Plaintiff's employment.

23. Defendant BWC can offer no valid lawful reason for the discriminatory conduct toward Plaintiff, and any proffered reason by Defendant is merely a pretext for its illegal actions.

24. Non disabled workers were not treated as Plaintiff Merle Price was as described above.

25. Defendant BWC's actions, as described above, were in violation of the American's with Disabilities Act and Iowa Code § 216.

26. As a result of Defendant BWC's unlawful employment practices, Plaintiff Merle Price has suffered and will continue to suffer emotional distress and mental anguish, lost front and back pay and loss of enjoyment and of the ordinary pleasures of life.

27. Defendant BWC's actions were willful and wanton, and done with malice or in reckless disregard to the rights of Plaintiff, entitling him to exemplary or punitive damages.

## RELIEF

**WHEREFORE,** Plaintiff Merle Price prays that this Court order judgment against Defendant BWC Excavating, L.C. and award Plaintiff as follows: 1) back pay, 2) front pay, 3) prejudgment and post judgment interest, 4) damages for all employment benefits he would have received but for the discriminatory practices by the Defendants, 5) an award of compensatory damages including emotional distress, 6) punitive damages, 7) reasonable attorneys' fees costs and expenses incurred in pursuing this action, including expert witness fees, 8) and any other relief this Court deems just, equitable or in the public interest.

## JURY DEMAND

**COMES NOW** Plaintiff Merle Price, by and through his attorneys, Eells & Tronvold Law Offices, P.L.C., and requests a trial by jury.

EELLS & TRONVOLD LAW OFFICES P.L.C.
1921 51st Street NE
Cedar Rapids, IA 52404
Phone #: (319) 393-1020
Fax #: (319) 393-4000
E-mail: Matt@eells-tronvold.com

By: _/s/ Matt J. Reilly_
Matt J. Reilly   AT0006541

**ATTORNEYS FOR PLAINTIFF**

FILED 2010 NOV -4 AM 8:55 CLERK OF DISTRICT COURT JOHNSON COUNTY, IOWA